UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20742-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YOEL VILA,

    Defendant.

_____/

### ORDER DENYING SENTENCE REDUCTION PURSUANT TO AMENDMENT 782

**THIS CAUSE** is before the Court upon Defendant Yoel Vila's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [DE 149, 150] ("Motion"). The Court has carefully reviewed the Motion and the Government's Response [DE 153] and is otherwise fully advised in the premises.

In accordance with a Plea Agreement [DE 62], Vila pleaded guilty to one count of conspiracy to possess with intent to distribute marijuana plants. See 21 U.S.C. § 846. At Vila's sentencing hearing on March 25, 2015, the Court calculated an adjusted offense level of 13 and a criminal history category of IV. See DE 147 at 6-8. Those figures normally yield an advisory guideline range of 24 to 30 months' imprisonment. See id. at 7-8. But Vila was subject to a statutory minimum sentence of 60 months. See 21 U.S.C. § 841(b)(1)(B).[1] Therefore, 60 months was the advisory guideline range. See DE 147 at 6; U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required

---

[1] This minimum sentence applied because Vila's offense involved 100 or more marijuana plants. See 21 U.S.C. § 841(b)(1)(B)(vii); DE 63 (agreed Factual Proffer).

minimum sentence shall be the guideline sentence."). Based on this and other factors, the Court sentenced Vila to a prison term of 60 months. See DE 147 at 9.[2]

On October 19, 2016, Vila filed his present Motion, seeking a reduction of his sentence based on Amendment 782 to the United States Sentencing Guidelines. See U.S.S.G. app. C, amend. 782. That Amendment, which became effective on November 1, 2014, provides a two-level reduction in the base offense level for most drug quantities listed in U.S.S.G. § 2D1.1(c). See id. Vila contends that he was "sentenced on [the] basis of the old Drug Quantity Table" and should be re-sentenced using the new base offense level provided by Amendment 782. DE 150 at 2-3. Further, Vila claims that "his new Sentencing range should be 27 to 33 months' imprisonment." Id. at 3.

Vila's Motion is meritless. As the Government notes, Vila was sentenced after Amendment 782 became effective, and the Court used the proper base offense level under that Amendment. See DE 153 at 1. In any event, the normal guideline range was superseded by Vila's 60-month statutory minimum sentence. See id. at 1-2; U.S.S.G. § 5G1.1(b). It is therefore

**ORDERED AND ADJUDGED** that Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [DE 149, 150] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of November, 2016.

*James I. Cohn*
JAMES I. COHN
United States District Judge

---

[2] Upon the Government's motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the Court later reduced Vila's sentence to 40 months in prison. See DE 126 at 3 (Am. J. of Aug. 26, 2015).

2

Copies provided to:

Counsel of record

Yoel Vila
22603-075
Moshannon Valley Correctional Institution
Inmate Mail/Parcels
555 Geo Drive
Philipsburg, PA  16866